IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                          Criminal No. 3:15CR01

CARLOS R. ROSARIO-CALDERON,

     Petitioner.

## MEMORANDUM OPINION

Carlos R. Rosario-Calderon, a federal inmate proceeding with counsel, submitted this motion under 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 31) to vacate, set aside, or correct his sentence. Rosario-Calderon asserts that, in light of the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015), his enhanced sentence for possession of a firearm under the United States Sentencing Guidelines ("USSG") is unconstitutional.[1] However, Rosario-Calderon is incorrect.

---

[1] As the Supreme Court has noted,

> [u]nder the Armed Career Criminal Act ["ACCA"] of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," a term defined to include any felony that "involves conduct that presents a serious potential risk of physical injury to another."

Johnson, 135 S. Ct. at 2555 (emphasis added) (quoting 18 U.S.C. § 924(e)(2)(B)). This part of the definition of violent felony "ha[s] come to be known as the Act's residual clause." Id. at 2556. The Johnson Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Id. at 2563.

Rosario-Calderon was convicted of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1) and was sentenced under USSG § 2K2.1(a)(1), which provided for a base offense level of 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (U.S. Sentencing Comm'n 2014). At the time of Rosario-Calderon's sentencing, USSG § 2K2.1(a)(1)'s corresponding commentary stated, "'Crime of violence' has the meaning given that term in §4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2." Id. § 2K2.1(a)(1) cmt. n.1. USSG 4B1.2(a) defined "crime of violence" as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Id. § 4B1.2(a) (emphasis added). USSG § 4B1.2(a)(2) therefore contains a residual clause that is identical to the one at issue in Johnson.

2

Rosario-Calderon argues that his Presentence Investigation Report ("PSR") reveals that at the time of his sentencing, he had three prior convictions that may have qualified as predicate crimes of violence under USSG § 4B1.2(a)(2)'s residual clause. (§ 2255 Mot. 2.) These three prior convictions were Breaking and Entering, Robbery, and Grand Larceny from the Person. (Id. (citing PSR ¶ 31).) Rosario-Calderon contends that because his PSR does not specify which of his prior convictions were considered predicate crimes of violence under the residual clause, any sentencing enhancement based on USSG § 4B1.2(a)(2) is unconstitutional under Johnson. (Id.)

However, "[r]ecently, the Supreme Court concluded that the Guidelines are not subject to a vagueness challenge under the Due Process Clause. . . . Johnson's vagueness holding does not apply to the residual clause in [USSG] § 4B1.2(a)(2)." United States v. Lee, 855 F.3d 244, 246-47 (4th Cir. 2017) (citation omitted). Thus, Rosario-Calderon's claim lacks merit.[2] See

_____

[2] Rosario-Calderon also contends: (1) his prior Virginia conviction for breaking and entering does not qualify as a "crime of violence" under either USSG § 4B1.2(a)'s enumerated offense or force clauses (§ 2255 Mot. 13-19); (2) USSG § 4B1.2(a)'s commentary listing robbery as a "crime of violence" should be disregarded in light of Johnson (id. at 19-22); and, (3) his prior Virginia convictions for robbery and grand larceny do not qualify as "crime[s] of violence" under USSG § 4B1.2(a)'s force clause. (Id. at 23-28.) However, Rosario-Calderon's challenges to his prior convictions under the enumerated offense and force clauses are not cognizable in the present action

3

United States v. Hornsby, No. 2:14CR00012, 2017 WL 2484220, at

*1 (W.D. Va. June 8, 2017) (concluding petitioner was not

entitled to relief under Johnson because her sentence was

enhanced under USSG § 2K2.1(a)(3) and not the ACCA).

Accordingly, the Government's Motion to Dismiss (ECF No. 36)

will be granted. The § 2255 Motion (ECF No. 31) will be denied.

The action will be dismissed, and the Court will deny a

certificate of appealability.

The Clerk is directed to send a copy of this Memorandum

Opinion to Rosario-Calderon and counsel of record.

It is so ORDERED.

/s/ *R̲⊆̲P̲*

Robert E. Payne

Date: *November 26, 2017*
Richmond, Virginia

Senior United States District Judge

---

because challenges to the calculation of a federal sentence
under the guidelines fail to state a claim cognizable for § 2255
relief. See Lee, 855 F.3d at 246-47; United States v. Foote,
784 F.3d 931, 939-43 (4th Cir. 1999) (holding that career
offender designation is not a fundamental defect that results in
a complete miscarriage of justice to warrant review of a
sentence); United States v. Pregent, 190 F.3d 279, 283-84 (4th
Cir. 1999) (explaining that "barring extraordinary
circumstances" errors in the calculation of the sentencing
guidelines are not cognizable in a § 2255 motion).